

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00243-CV

| | | |
|---|---|---|
| Habib Surani | § | From the 153rd District Court |
| | § | of Tarrant County (153-256860-11) |
| v. | § | January 24, 2013 |
| Trinity River Vision Authority | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of prosecution.

It is further ordered that appellant Habib Surani shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00243-CV

HABIB SURANI                                                                 APPELLANT

V.

TRINITY RIVER VISION                                                       APPELLEE
AUTHORITY

----------

## FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pro se appellant Habib Surani appeals from the trial court's order granting the plea to the jurisdiction filed by appellee Trinity River Vision Authority. We originally set the due date for appellant's brief at October 17, 2012. Appellant did not file a brief by that date, so on October 29, 2012, we notified him that we could dismiss his appeal for want of prosecution unless, by November 8, 2012, he filed

---

[1]*See* Tex. R. App. P. 47.4.

a motion reasonably explaining the failure to file a brief and the need for an extension. *See* Tex. R. App. P. 38.8(a)(1). On November 6, 2012, we received a document that we construed as appellant's brief, but three days later, we sent appellant a letter explaining that the document did not comply with any briefing requirement under rule of appellate procedure 38.1.[2] *See* Tex. R. App. P. 38.1. We informed appellant that if he did not file an amended brief that complied with rule 38.1 by November 19, 2012, we could dismiss his appeal.

On November 15, 2012, we received a letter from appellant, but we have not received an amended brief. Accordingly, we strike appellant's brief and dismiss the appeal. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b), (c); *Johnson v. Dall. Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.); *see also Yeldell v. Denton Cent. Appraisal Dist.*, No. 02-07-00313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) (explaining that all parties appearing in Texas appellate courts must follow the rules of appellate procedure).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: January 24, 2013

---

[2]For example, the brief contained no legal authorities, no issues, no legal arguments, and no appendix. *See* Tex. R. App. P. 38.1(c), (f), (i), (k).